IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JAMES EDWARD PROBST, § | |
| TDCJ-CID No. 01699988, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:24-CV-14-Z-BR |
| § | |
| ARTURO BECKETT, *et al.*, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**TO GRANT DEFENDANTS MITCHENER AND AUNG'S MOTION TO DISMISS**

Before the Court is the Motion to Partially Dismiss Pursuant to Rule 12 of the Federal Rules of Civil Procedure (the "Motion") filed by Defendants Michael Mitchener ("Mitchener") and Htoo Aung ("Aung"). (ECF 16). After considering said Motion and the Response thereto, the Magistrate Judge recommends that the District Judge GRANT the Motion, as follows:

## I. FACTUAL BACKGROUND

*Pro se* Plaintiff James Edward Probst ("Probst") alleges that Defendants violated his constitutional rights when Mitchener conducted a series of "retaliatory cell searches" in response to Probst releasing cell phone video footage to the media of "officers abusing prisoners and inhumane living conditions." (ECF 11 at 7). During one such search, Mitchener allegedly threw Probst's property onto the floor "for enemy inmates to access". (*Id*. at 8). Probst subsequently was taken to medical and placed on suicide watch. (*Id.*) Hours after Michener's actions, Aung reviewed security footage and determined that Probst's property was taken by other inmates. (*Id*.).

Mitchener and Aung ask the Court to dismiss the claims against them pursuant to Rule 12(b)(1) and (6). (ECF 16). Probst responded, alleging that he stated valid claims against them.

(ECF 17). Defendant Arturo Beckett did not file a Rule 12(b) motion, and Defendant Stephanie Moore has not yet entered an appearance.

## II. LEGAL ANALYSIS

**A.  Legal Standards.**

  **1.  Rule 12(b)(1) Standard.**

Pursuant to Rule 12(b)(1), the Court must presume that factual allegations in the Complaint are true and determine whether they establish subject matter jurisdiction. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). Accordingly, the Court accepts Probst's allegations as true and will determine whether those allegations allow him to proceed against Defendants, who claim that sovereign immunity deprives this Court of subject matter jurisdiction over Probst's claim for monetary damages against Defendants in their official capacities. Dismissal under Rule 12(b)(1) is permitted only when "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle Plaintiff to relief." *Gilbert v. Donahoe*, 751 F.3d 303, 307 (5th Cir. 2014).

  **2.  Rule 12(b)(6) Standard.**

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation and citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and footnote omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not establish facial plausibility. *Iqbal,* 556 U.S. at 678. A claim has facial plausibility "when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. at 557).

Because he proceeds *pro se*, Probst's pleadings are held to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed") (quotation omitted). Nevertheless, if the plaintiff's complaint has not set forth enough facts "to state a claim to relief that is plausible on its face," it must be dismissed. *Twombly*, 550 U.S. at 570.

**B.     Sovereign Immunity on Section 1983 Claims.**

As a sovereign entity, a state may not be sued without its consent. Read literally, the text of the Eleventh Amendment prevents only non-citizens of a state from suing that state. *See* U.S. Const. amend. XI. However, courts uniformly have held that the Eleventh Amendment provides protections beyond its text, shielding states from suits brought by their own citizens, as well as citizens of other states. *See Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). Therefore, under the Eleventh Amendment, "[f]ederal courts are without jurisdiction over suits against a state, … unless that state has waived its sovereign immunity or Congress has clearly abrogated it." *Moore v. Louisiana Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014).

This sovereign immunity bar extends to actions against state officers in their official capacities. *Edelman v. Jordan*, 415 U.S. 651, 663–69 (1974). Suits against state officials in their official capacities should be treated as suits against the state. *Hafer v. Melo*, 502 U.S, 21, 25 (1991). Moreover, state officials acting in their official capacities are not 'persons' under Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71. As a result, it is well established that suits for monetary damages against state officials in their official capacities cannot succeed under

3

Section 1983. *See Almond v. Tarver*, 468 F. Supp. 2d 886, 892-95 (E.D. Tex. 2006) (collecting authorities and holding that claim against state official in his official capacity was barred by sovereign and Eleventh Amendment immunities).

Probst sues the moving Defendants for "compensatory damages for loss of property and injuries" and punitive damages. (ECF 11 at 7). His request for monetary damages against Mitchener and Aung in their official capacities should be dismissed without prejudice for lack of subject matter jurisdiction.

**C.     Probst's Claims for Declaratory Relief.**

Probst seeks a declaration that Defendants violated his Eighth and Fourteenth Amendment rights by their actions. He also seeks a declaration that, because of his known "activism," his personal safety at TDCJ is at risk so he should be removed from Texas state custody and placed in the custody of either another state or the U.S. Bureau of Prisons. (ECF 11 at 11). The Court also will construe this as a request for injunctive relief for a facility transfer.

Assuming for the purposes of this Motion that Probst's transfer request is viable, such request is moot. At the time Probst filed his original Complaint, he was housed at the Clements Unit; however, since that time, he has been transferred to the Coffield Unit. (ECF 30). He has alleged no facts showing that he is "at risk" at the Coffield Unit from the Defendants. Accordingly, his request for declaratory relief is moot. *See, e.g., Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (holding that even if an inmate was able to establish a Constitutional violation, his transfer to another prison rendered moot his claim for declaratory and injunctive relief); *Hood v. Alford*, 3:04-cv-0473-D, 2004 WL 1146582 at *1 (N.D. Tex. May 20, 2004), *R. and R. adopted*, 2004 WL 1393374 (N.D. Tex. June 21, 2004) ("Plaintiff is no longer incarcerated at the Johnson County Jail. His transfer … renders his claims for declaratory and injunctive relief moot as to all

Defendants."). Further, any suggestion of relief based on the possibility of Probst's transfer back to Clements is too speculative to warrant relief. *See Bailey v. Southerland*, 821 F.2d 277, 279 (5th Cir. 1987). Probst's request for declaratory and injunctive relief should be dismissed as moot.

**D.    Claims Against Defendant Aung.**

Probst alleges that Aung violated his civil rights when Aung failed to prevent other inmates from stealing Probst's personal property. (ECF 11 at 8). The Fifth Circuit has stated that "direct participation is not necessary for liability under § 1983. Any official who 'causes' a citizen to be deprived of [his] constitutional rights can also be held liable." *Morris v. Dearborne*, 181 F.3d 657, 672 (5th Cir. 1999) (citing *Snell v. Tunnell*, 920 F.2d 673, 700 (10th Cir. 1990)). Nevertheless, there must be some showing of personal involvement by a particular individual defendant. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999); *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). "In order to state a cause of action under section 1983, the plaintiff must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Woods*, 51 F.3d 577, 583 (5th Cir. 1995). The requisite causal connection is established if the defendant set in motion a series of events that would foreseeably cause the deprivation of the plaintiff's constitutional rights. *Morris*, 181 F.3d at 672.

Probst fails to allege facts showing that Aung was either personally involved in the deprivation of Probst's property or that Aung "set in motion" events that caused Probst's constitutional rights to be violated. Instead, the Amended Complaint alleges that Aung reviewed security footage "hours after the use of force" and wrote a statement indicating that the footage showed inmates taking Probst's property. (ECF 11 at 8). He further alleges that Aung "had the authority and opportunity to prevent property loss" but instead "chose to allow inmates to steal it,"

5

and that Aung could have retrieved the property but did not. (ECF 11 at 8; ECF 17 at 2).

Assuming the truth of these allegations, Probst fails to state a claim against Aung. Probst alleges, at best, that Aung became aware after the fact that Probst's property was stolen by other inmates. (*Id.*). Probst indicates no personal involvement by Aung in the alleged constitutional violation. A supervisor may only be held liable if one of the following exists: (1) his personal involvement in the constitutional deprivation, (2) sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations, or (3) the supervisory official implements a policy that itself is a repudiation of civil rights and is the moving force of the constitutional violation. *Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir. 2008); *Thompkins v. Belt*, 828 F.2d 298, 303B304 (5th Cir. 1987). Probst does not allege a plausible constitutional violation claim against Aung. Accordingly, his claim against Aung should be dismissed.

E.     **Claims Against Defendant Mitchener.**

Probst alleges that Mitchener violated his due process rights by leaving Probst's personal property where it could be stolen by other inmates. (ECF 11 at 7-8). Mitchener asks the Court to dismiss the claim against him because Probst has not alleged an intentional violation by Mitchener. (ECF 15-16). "Prisoners have a cognizable constitutionally protected property interest in their personal property." *Eubanks v. McCotter*, 802 F.2d 790, 793-94 (5th Cir. 1986). Nevertheless, under the *Parratt/Hudson* doctrine, "a deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim, unless the State fails to provide an adequate post[-]deprivation remedy." *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004) (quotation marks and citations omitted). In Texas, the administrative and judicial systems allow prisoners to raise ordinary tort claims such as conversion or an administrative remedy for lost or damaged property. *See Cathey*

6

*v. Guenther*, 47 F.3d 162, 164 (5th Cir. 1995); *Spurlock v. Schroedter*, 88 S.W.3d 733, 737 (Tex. App.--Corpus Christi 2002).

Therefore, the question is whether Probst has alleged that Mitchener abandoned Probst's personal property pursuant to a state policy or as "random, unauthorized conduct". The U.S. Supreme Court has noted that conduct is not considered "random and unauthorized" if the state "delegated to [the defendants] the power and authority to effect the very deprivation complained of." *Zinerman v. Burch*, 494 US. 113, 115 (1990) (quoted in *Allen*, 388 F.3d at 149). Probst clearly and undisputedly alleges that Michener was acting illegally in not securing his property, rather than pursuant to a state policy. (*See* ECF 11 at 7 ("Michener began a malicious and calculated campaign of retaliatory cell searches…")). Because Probst alleges that Michener's conduct was unauthorized, the *Parratt/Hudson* doctrine applies.

As a result, although Probst has a protected property interest in his personal property, "[a] prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional *minima* are nevertheless met." *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (quotation marks and citations omitted). In *Brewster*, the Fifth Circuit Court of Appeals held that a due process claim was properly dismissed because Texas law provides the adequate post-deprivation remedy of conversion when property is taken without proper procedures. *Id.* Probst does not allege that his personal property was thrown to the floor pursuant to anything other than "random, unauthorized conduct" by Mitchener. Because Probst has an adequate post-deprivation remedy under Texas law in that he has the right to sue for conversion in state court, he does not have a Section 1983 due process claim in connection with his loss of property. As a result, his claim against Mitchener for property loss should be dismissed.

### F.   Qualified Immunity.

Qualified immunity protects government officials from suit and liability for civil damages under Section 1983 insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Once qualified immunity is asserted, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam), *citing Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001).

"When a defendant asserts a qualified-immunity defense in a motion to dismiss, the court has an obligation to carefully scrutinize the complaint before subjecting public officials to the burdens of broad-reaching discovery." *Longoria Next Friend of M.L. v. San Benito Indep. Consol. Sch. Dist.*, 942 F.3d 258, 263-64 (5th Cir. 2019). "Qualified immunity is a two-step process. The first [step] asks whether the defendant violated the plaintiff's constitutional rights. The second step adds the protection for the defendant that liability attaches only if the right was clearly established" at the time the violation occurred. *Sims v. City of Madisonville*, 894 F.3d 632, 638 (5th Cir. 2018). The Court may address either or both prongs. *See Pearson v. Callahan*, 555 U.S. at 242.

As shown above, Probst failed to state a cognizable claim against Aung and Mitchener of a constitutional violation in connection with loss of personal property as described in the Amended Complaint. Therefore, these Defendants are entitled to dismissal of the claims against them pursuant to Rule 12(b)(6) based upon their affirmative defense of qualified immunity.

### G.   Leave to Amend.

While the general rule is that the Court should not dismiss a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend, the Court

8

"need not permit futile amendments." *LaCroix v. Marshall Cnty., Miss.*, 409 F. App'x 794, 802 (5th Cir. 2011). Allowing Probst to amend his claim for money damages against Aung and Mitchener in their official capacities would be futile for the reasons set forth above. Allowing Probst to amend his claims against these Defendants for declaratory and injunctive relief also would be futile, as shown above.

Allowing Probst to amend his claims against Aung and Michener in connection with his personal property loss would be futile pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915 and 1915A. Probst added his claims against Aung and Michener in his Amended Complaint, after his initial Complaint had undergone PLRA screening. Under the PLRA, no "[f]ederal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). The Fifth Circuit has held that this requirement "applies to all federal civil actions in which a prisoner alleges a constitutional violation." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005). The application of Section 1997e(e) is based on "the relief sought, and not the underlying substantive violation." *Id.*; *see also Mayfield v. Tex. Dep't of Crim. Just.*, 529 F.3d 599, 603, 605 (5th Cir. 2008) ("We have held that the application of [Section 1997e(e)] ... turns on the relief sought by a prisoner, and that it prevents prisoners from seeking compensatory damages for violations of federal law where no physical injury is alleged.").

Probst does not allege that he suffered any physical injuries in connection with these claims; instead, he claims only loss of personal property. (ECF 11). Because he does not allege physical injury, he is not entitled to recover compensatory damages. *See Hill v. Fagan*, No. 1:16-CV-185-BL, 2018 WL 3244617, at *3 (N.D. Tex. June 4, 2018) (recommending dismissal of prisoner's claim for compensatory damages against defendant because prisoner failed to allege a

physical injury arising from the purported due process violation), *R. & R. adopted by* 2018 WL 3242274 (N.D. Tex. July 3, 2018). Accordingly, allowing Probst to amend his claims for loss of property would be futile due to his failure to meet the PLRA's physical injury requirement in connection with these claims.

## RECOMMENDATION

As set forth above, the U.S. Magistrate Judge recommends that Defendants' Motion to Dismiss be GRANTED; specifically, that the Court dismiss without prejudice all claims for monetary damages against Defendants Aung and Mitchener in their official capacities, and dismiss with prejudice the claims against them in their individual capacities.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED May 29, 2025.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28

U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).