IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JAMES EDWARD PROBST, §<br>TDCJ-CID No. 01699988, §<br>§<br>Plaintiff, §<br>§<br>v. §<br>§<br>ARTURO BECKETT, *et al.*, §<br>§<br>Defendants. § | 2:24-CV-14-Z-BR |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO GRANT DEFENDANT MOORE'S MOTION TO DISMISS**

Before the Court is the Motion to Partially Dismiss Pursuant to Rule 12 of the Federal Rules of Civil Procedure (the "Motion") filed by Defendant Stephanie Moore. (ECF 33). After considering said Motion and the Response thereto, the Magistrate Judge recommends that the District Judge GRANT the Motion, as follows:

## I. Factual Background

*Pro se* Plaintiff James Edward Probst ("Probst") alleges that Defendants violated his constitutional rights when Defendant Arturo Beckett ("Beckett") used excessive force on him in connection with a search of his cell. (ECF 11 at 9). He claims that Defendant Stephanie Moore ("Moore") refused to document his foot and rib injuries suffered in connection with the use of force "in a collusive effort to downplay or cover the seriousness" of his injuries. (*Id*.). He also claims that Moore intentionally ordered x-rays of his ankle instead of his foot, and that she was "a coconspirator in these willingful [sic], calculated, malicious acts against Plaintiff." (*Id*.).

Moore asks the Court to dismiss the claims against her pursuant to Rule 12(b)(1) and (6). (ECF 16). Probst responded to Moore's Motion to Dismiss, disputing Moore's motion. (ECF 34).

## II. LEGAL ANALYSIS

A.    **Legal Standards.**

    1.    <u>**Rule 12(b)(1) Standard**</u>.

Pursuant to Rule 12(b)(1), the Court must presume that factual allegations in the Complaint are true and determine whether they establish subject matter jurisdiction. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). Accordingly, the Court accepts Probst's allegations as true and will determine whether those allegations allow him to proceed against Moore, who claims that sovereign immunity deprives this Court of subject matter jurisdiction over Probst's claim for monetary damages against her in her official capacity. Dismissal under Rule 12(b)(1) is permitted only when "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle Plaintiff to relief." *Gilbert v. Donahoe*, 751 F.3d 303, 307 (5th Cir. 2014).

    2.    <u>**Rule 12(b)(6) Standard**</u>.

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation and citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation and footnote omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not establish facial plausibility. *Iqbal,* 556 U.S. at 678. A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. at 557).

Because he proceeds *pro se*, Probst's pleadings are held to a less stringent standard than

those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed") (quotation omitted). Nevertheless, if the plaintiff's complaint has not set forth enough facts "to state a claim to relief that is plausible on its face," it must be dismissed. *Twombly*, 550 U.S. at 570.

**B.      Sovereign Immunity on Section 1983 Claims.**

As a sovereign entity, a state may not be sued without its consent. Read literally, the text of the Eleventh Amendment prevents only non-citizens of a state from suing that state. *See* U.S. Const. amend. XI. However, courts uniformly have held that the Eleventh Amendment provides protections beyond its text, shielding states from suits brought by their own citizens, as well as citizens of other states. *See Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). Therefore, under the Eleventh Amendment, "[f]ederal courts are without jurisdiction over suits against a state, … unless that state has waived its sovereign immunity or Congress has clearly abrogated it." *Moore v. Louisiana Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014).

This sovereign immunity bar extends to actions against state officers in their official capacities. *Edelman v. Jordan*, 415 U.S. 651, 663–69 (1974). Suits against state officials in their official capacities should be treated as suits against the state. *Hafer v. Melo*, 502 U.S, 21, 25 (1991). Moreover, state officials acting in their official capacities are not 'persons' under Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71. As a result, it is well established that suits for monetary damages against state officials in their official capacities cannot succeed under Section 1983. *See Almond v. Tarver*, 468 F. Supp. 2d 886, 892-95 (E.D. Tex. 2006) (collecting authorities and holding that claim against state official in his official capacity was barred by sovereign and Eleventh Amendment immunities).

3

Probst sues Moore for "compensatory damages for loss of property and injuries" and punitive damages. (ECF 11 at 7). His request for monetary damages against Moore in her official capacity should be dismissed without prejudice for lack of subject matter jurisdiction.

### C.    Probst's Claims for Declaratory Relief.

Probst seeks a declaration that Moore violated his Eighth and Fourteenth Amendment rights by her actions. He also seeks a declaration that, because of his known "activism," his personal safety at TDCJ is at risk so he should be removed from Texas state custody and placed in the custody of either another state or the U.S. Bureau of Prisons. (*Id.* at 11). The Court also will construe this as a request for injunctive relief for a facility transfer.

Assuming for the purposes of this Motion that Probst's transfer request is viable, such request is moot. At the time Probst filed his original Complaint, he was housed at the Clements Unit; however, since that time, he has been transferred to the Coffield Unit. (ECF 30). He has alleged no facts showing that he is "at risk" from Moore at the Coffield Unit. Accordingly, his request for declaratory relief is moot. *See, e.g., Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (holding that even if an inmate was able to establish a Constitutional violation, his transfer to another prison rendered moot his claim for declaratory and injunctive relief); *Hood v. Alford*, 3:04-cv-0473-D, 2004 WL 1146582 at *1 (N.D. Tex. May 20, 2004), *R. and R. adopted*, 2004 WL 1393374 (N.D. Tex. June 21, 2004) ("Plaintiff is no longer incarcerated at the Johnson County Jail. His transfer … renders his claims for declaratory and injunctive relief moot as to all Defendants."). Further, any suggestion of relief based on the possibility of Probst's transfer back to Clements is too speculative to warrant relief. *See Bailey v. Southerland*, 821 F.2d 277, 279 (5th Cir. 1987). Probst's request for declaratory and injunctive relief against Moore should be dismissed as moot.

**D.     Conspiracy Claim.**

Probst alleges that Moore refused to document the full extent of his injuries "in a collusive effort to downplay or cover the seriousness of [his] injuries and the use of force." (ECF 11 at 9). He further alleges that Moore "was a coconspirator in these willing[], calculated, malicious acts against Plaintiff. (*Id.*). In order to state a Section 1983 conspiracy claim, Probst must allege facts showing: (1) an agreement among individuals to commit a deprivation of constitutional rights; and (2) an actual deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy. *See Jabary v. City of Allen*, 547 F. App'x 600, 610 (5th Cir. 2013). A conspiracy allegation under Section 1983 allows a plaintiff to "impose liability on all of the defendants without regard to who committed the particular act." *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir.1995). Probst's conspiracy claim need not have met a "probability requirement at the pleading stage; [plausibility] simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." *Twombly*, 550 U.S. at 556. Probst's facts, when "placed in a context ... [must raise] a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action." *Id.* at 557.

A civil conspiracy is generally defined as "a combination of two or more persons to accomplish an unlawful purpose, or to accomplish a lawful purpose by unlawful means. . .." *Tilton v. Marshall*, 925 S.W.2d 672, 680-81 (Tex. 1996). "To establish a cause of action based on conspiracy, a plaintiff must show that the defendants agreed to commit an illegal act." *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982) (citation omitted). General conclusory charges of conspiracy with "no specific allegation of facts tending to show a prior agreement" cannot survive a motion to dismiss. *Id*. at 1023-24. The complaint must include specific factual allegations showing a prior agreement, plan, or meeting of the minds to violate the plaintiff's constitutional

5

rights or engage in an illegal act. *Hey v. Irving*, 161 F.3d 7 (5th. Cir. 1998).

Probst provides no facts showing that Moore engaged in a conspiracy. Although the Court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff, a complaint "that offers labels and conclusions" or "naked assertion[s] devoid of further factual enhancement" does not state a claim for the purposes of Rule 12(b)(6). *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678); *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004) ("Allegations that are merely conclusory, without reference to specific facts, will not suffice" to establish a Section 1983 conspiracy claim). Probst has wholly failed to plead specific, nonconclusory facts that establish that Moore entered into an agreement to violate his constitutional rights and then took actions that did so.

Probst fails to allege specific facts tending to show an agreement between Moore and any Defendant. While Probst alleges that Moore conspired with others to "cover up" the seriousness of a use of force and the extent of his injuries, he fails to allege facts that support his conclusory allegation. His factual allegations regarding the incident do not show that there was any agreement among Defendants to violate his civil rights either before or after the use of force. As such, Probst's conspiracy claim is "at best, speculative and conclusory," and it should be dismissed.

E.     **Failure to Provide Medical Care Claim.**

The Constitution requires that prison officials provide adequate medical care. *Rogers v. Boatright*, 709 F.3d 403, 409 (5th Cir. 2013). An inmate seeking to establish a constitutional violation regarding medical care must allege facts showing that prison officials were deliberately indifferent to his serious medical needs. *Morris v. Livingston*, 739 F.3d 740, 747 (5th Cir. 2014) (explaining that because "only the 'unnecessary and wanton infliction of pain' implicates the Eighth Amendment, a prisoner advancing such a claim must, at a minimum, allege 'deliberate

6

indifference' to his 'serious' medical needs'") (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Deliberate indifference "is an extremely high standard to meet." *Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009) (internal quotation omitted). An inmate must first prove objective exposure to a substantial risk of serious bodily harm. *Gobert v. Caldwell*, 463 F.3d 339, 345 (5th Cir. 2006). As to the subjective component, an official acts with deliberate indifference only when he (1) knows the inmate faces "a substantial risk of serious harm" and (2) "disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Gobert*, 463 F.3d at 346; *see also Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999) (per curiam) (stating that prison official is not liable for denial of medical treatment unless he knows of and disregards an excessive risk to inmate health or safety).

An official's "failure to alleviate a significant risk that the official should have perceived, but did not, is insufficient to show deliberate indifference." *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001) (alterations and internal quotation omitted) (quoting *Farmer*, 511 U.S. at 838). "[D]eliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson v. Upshur Cnty.*, 245 F.3d 447, 459 (5th Cir. 2001). Instead, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Brewster*, 587 F.3d at 770 (quoting *Farmer*, 511 U.S. at 837); *see also Lawson v. Dallas Cnty.*, 286 F.3d 257, 262 (5th Cir. 2002) (holding that deliberate indifference is a "subjective inquiry," and inmate must show that the prison official was actually aware of risk of harm and consciously ignored it).

Allegations of malpractice, negligence, or unsuccessful treatment fail to establish deliberate indifference. *Gobert*, 463 F.3d at 346. Similarly, an inmate's disagreement with the

7

medical treatment provided does not give rise to a constitutional claim. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). Further, a delay in delivering medical care creates constitutional liability only where the alleged deliberate indifference results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993). In sum, an inmate must demonstrate that prison staff "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs" to state a viable Eighth Amendment claim for deliberate indifference to serious medical needs. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

Probst alleges that Moore refused to document foot and rib injuries that he reported to her, and that she ordered x-rays for his ankle instead of his foot. (ECF 11 at 9). He also states in his Amended Complaint that she treated him for head injuries. (*Id*.). He provides no facts supporting a claim for failing to provide medical care in violation of the Eighth Amendment. He alleges no facts showing that Moore "refused to treat him, ignored his complaints, [or] intentionally treated him incorrectly." *See Johnson*, 759 F.2d at 1238. He does not allege that Moore failed to treat his foot and rib injuries, intentionally or otherwise. In fact, he admits in his response to the Motion that Moore treated these injuries. (ECF 34 at 1).

Probst's Amended Complaint also alleges that Moore intentionally ordered x-rays of his ankle instead of his foot, but he does not allege that she did so in order to intentionally treat him incorrectly in a wanton disregard for his serious medical needs. In fact, he alleges that another provider treated his foot by wrapping it and giving him ibuprofen, which indicates that his "medical need" was *de minimis* at best. In his response to the Motion, Probst alleges that Moore is an "LVN and knew [the ankle x-ray] wouldn't reflect [his] actual injury." (*Id*. at 2). However, he alleges no facts showing that Moore knew his injury would not be shown on the x-ray, other than the

8

assumption that her medical knowledge should have led her to this conclusion. Further, Probst fails to allege facts showing that the delay between Moore ordering x-rays and another provider wrapping his foot resulted in substantial harm, especially since his foot was treated with a wrap and ibuprofen. *Mendoza*, 989 F.2d at 193. Probst's claim against Moore for failure to provide medical care should be dismissed.

**F.     Qualified Immunity.**

Qualified immunity protects government officials from suit and liability for civil damages under Section 1983 insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Once qualified immunity is asserted, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam), *citing Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001).

"When a defendant asserts a qualified-immunity defense in a motion to dismiss, the court has an obligation to carefully scrutinize the complaint before subjecting public officials to the burdens of broad-reaching discovery." *Longoria Next Friend of M.L. v. San Benito Indep. Consol. Sch. Dist.*, 942 F.3d 258, 263-64 (5th Cir. 2019). "Qualified immunity is a two-step process. The first [step] asks whether the defendant violated the plaintiff's constitutional rights. The second step adds the protection for the defendant that liability attaches only if the right was clearly established" at the time the violation occurred. *Sims v. City of Madisonville*, 894 F.3d 632, 638 (5th Cir. 2018). The Court may address either or both prongs. *See Pearson v. Callahan*, 555 U.S. at 242.

As shown above, Probst failed to state a cognizable claim against Moore of a constitutional violation in connection with either conspiracy or failure to provide medical care, as described in

9

the Amended Complaint. Therefore, Moore is entitled to dismissal of the claims against her pursuant to Rule 12(b)(6) based upon her affirmative defense of qualified immunity.

**G.     Leave to Amend.**

While the general rule is that the Court should not dismiss a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend, the Court "need not permit futile amendments." *LaCroix v. Marshall Cnty., Miss.*, 409 F. App'x 794, 802 (5th Cir. 2011). Allowing Probst to amend his claim for money damages against Moore in her official capacity would be futile for the reasons set forth above. Allowing Probst to amend his claims against Moore for declaratory and injunctive relief also would be futile, as shown above.

Allowing Probst to amend his claims against Moore would be futile pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915 and 1915A. Probst added his claims against Moore in his Amended Complaint, after his initial Complaint had undergone PLRA screening. Under the PLRA, no "[f]ederal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). The Fifth Circuit has held that this requirement "applies to all federal civil actions in which a prisoner alleges a constitutional violation." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005). The application of Section 1997e(e) is based on "the relief sought, and not the underlying substantive violation." *Id.*; *see also Mayfield v. Tex. Dep't of Crim. Just.*, 529 F.3d 599, 603, 605 (5th Cir. 2008) ("We have held that the application of [Section 1997e(e)] ... turns on the relief sought by a prisoner, and that it prevents prisoners from seeking compensatory damages for violations of federal law where no physical injury is alleged.").

Probst does not allege that he suffered any physical injuries in connection with his claims against Moore. (ECF 11). Because he does not allege physical injury, he is not entitled to recover

10

compensatory damages from Moore. *See Hill v. Fagan*, No. 1:16-CV-185-BL, 2018 WL 3244617, at *3 (N.D. Tex. June 4, 2018) (recommending dismissal of prisoner's claim for compensatory damages against defendant because prisoner failed to allege a physical injury arising from the purported due process violation), *R. & R. adopted by* 2018 WL 3242274 (N.D. Tex. July 3, 2018). Accordingly, allowing Probst to amend his claims against Moore would be futile due to his failure to meet the PLRA's physical injury requirement in connection with his claims.

## RECOMMENDATION

As set forth above, the U.S. Magistrate Judge recommends that Moore's Motion to Dismiss be GRANTED; specifically, that the Court dismiss without prejudice all claims for monetary damages against Defendant Moore in her official capacity, and dismiss with prejudice the claims against her in her individual capacity.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED July 24, 2025.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is

fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).