IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

JAMES EDWARD PROBST,                    §
TDCJ-CID No. 01699988,                  §
                                        §
        Plaintiff,                      §
                                        §
                                        §
v.                                      §        2:24-CV-14-Z-BR
                                        §
ARTURO BECKETT,                         §
                                        §
        Defendant.                      §

**FINDINGS, CONCLUSIONS AND RECOMMENDATION TO GRANT DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT and DENY PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

Before the Court is a Motion for Summary Judgment filed by Defendant Arturo Beckett ("Beckett") (ECF 51) and a Motion for Summary Judgment filed by Plaintiff James Edward Probst ("Probst") (ECF 47). For the reasons stated herein, the Magistrate Judge recommends that Beckett's Motion be GRANTED and Probst's Motion be DENIED as moot.

## I. BACKGROUND

Probst, a prisoner in the Texas Department of Criminal Justice, alleges that Beckett used excessive force on him while Probst was housed in the Clements Unit. Specifically, he claims that, while Probst was handcuffed, Beckett ran him into a wall, "slammed" him in the head and, once Probst was on the ground, used his arm to choke Probst into unconsciousness. (ECF 3 at 4, 6; ECF 11 at 9). He filed this lawsuit against Beckett on January 23, 2024, and subsequently moved for summary judgment. (ECF 47). Beckett also filed a summary judgment motion, alleging that Probst failed to exhaust his administrative remedies before filing suit. (ECF 51). Probst responded to the motion on January 30, 2026, disputing Beckett's claim. (ECF 53).

1

## II. SUMMARY JUDGMENT STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must resolve all reasonable doubts in favor of the party opposing the motion. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The movant has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Anderson,* 477 U.S. at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure all of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The nonmovant then must provide affirmative evidence to defeat summary judgment. *Anderson*, 477 U.S. at 257. No "mere denial of material facts nor...unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden. *Moayedi v. Compaq Comput. Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004). The Court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment supported appropriately by the movant. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). The Court must consider all evidence but must not make any credibility determinations or weigh the evidence. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

Because he proceeds *pro se*, Probst's pleadings are held to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed") (quotation omitted). Nevertheless, *pro se* parties must "still comply with the rules of procedure and make arguments capable of withstanding summary judgment." *Ogbodiegwu v. Wackenhut Corr. Corp.*, 202 F.3d 265, 1999 WL 1131884, at *2 (5th Cir. Nov. 10, 1999); *Yazdchi v. Am. Honda Fin. Corp.*, 217 F. App'x 299, 304 (5th Cir. 2007) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.") (citing *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991)).

## III. LEGAL ANALYSIS

**A.      The Prison Litigation Reform Act ("PLRA") Exhaustion Requirement.**

Beckett moves for summary judgment based on his affirmative defense that Probst has not exhausted his administrative remedies. The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted).

The U.S. Supreme Court has described the PLRA exhaustion provision as a "mandatory exhaustion" statute and has "reject[ed] every attempt to deviate . . . from its textual mandate." *Ross v. Blake*, 578 U.S. 632, 639-40 (2016); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot

be brought in court") (*citing Porter*, 534 U.S. at 524). The only "textual exception to mandatory exhaustion" in the PLRA is if administrative remedies are unavailable. *Ross*, 578 U.S. at 642. Administrative relief is available so long as the prison administrator has the "authority to take some action in response to a complaint," even if that relief does not provide the precise "remedial action an inmate demands to the exclusion of all other forms of redress." *Booth v. Churner*, 532 U.S. 731, 736 and n.6 (2001) ("An inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."). As a result, "a court may not excuse a failure to exhaust, even to take [special] circumstances into account." *Ross*, 578 U.S. at 639.

The Fifth Circuit takes a strict approach to the exhaustion requirement. *Wilson v. Epps*, 776 F.3d 296, 299-300 (5th Cir. 2015) ("[P]risoners must not just substantially comply with the prison's grievance procedures, but instead must exhaust available remedies properly" (internal quotation omitted)). The Fifth Circuit also has recognized that "[w]hen a defendant asserts the defense of lack of exhaustion, the district court should rule on [the exhaustion] issue before allowing the case to proceed to the merits." *Nottingham v. Finsterwald*, 582 F. App'x 297, 297-98 (5th Cir. 2014) (*citing Dillon v. Rogers*, 596 F.3d 260, 272-73 (5th Cir. 2010)). Further, exhaustion must have occurred before the lawsuit is filed. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) ("Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted."); *see also Covarrubias v. Foxworth*, No. 6:13-CV-812, 2017 WL 1159767, at *3 (E.D. Tex. Mar. 29, 2017) (looking to whether administrative remedies had been exhausted "at the time of the filing of the original complaint" rather than when an amended complaint is filed).

**B.    The Undisputed Evidence Shows a Failure to Exhaust.**

According to the evidence presented by Beckett, a TDCJ prisoner must complete the state's two-step grievance process before filing suit. (ECF 51-1 at 2). To initiate the grievance process, an inmate must fill out, sign, and submit a Step One grievance explaining the nature of his complaint and requested outcome within 15 days of the event at issue. *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Each Step One grievance is investigated at the unit level, and a written response is provided to the inmate. (ECF 51-1 at 2). If the inmate is dissatisfied with the response, he next must fill out, sign, and submit a Step Two grievance within 15 days of receiving his response to the Step One grievance. *Johnson*, 385 F.3d at 515. Each Step Two grievance is investigated at the state level, and a written response is again provided to the inmate. (ECF 51-1 at 2). Once the two-step process has been completed, the inmate's administrative remedies within TDCJ have been exhausted. (*Id.*).

The undisputed evidence shows that TDCJ timely received Probst's Step One grievance (Grievance # 2024001847) concerning the alleged August 27, 2023, incident on September 6, 2023. (ECF 51-2 at 2). The Step One grievance was returned to Probst on September 13, 2023, but Probst did not file a Step Two grievance. (*Id.*). Because Beckett met his burden to show that Probst has not properly exhausted his remedies in connection with the claims at issue, the burden then shifted to Probst to establish a genuine issue of material fact. However, Probst failed to meet this burden.

Probst filed no evidence in response to the Motion. Assuming for the purposes of this FCR that Probst's unsworn statements in his response brief are competent summary judgment evidence, he does not defeat Beckett's Motion. Probst alleges that he has been housed in administrative segregation since early 2011, which means he is kept in a cell for 23-24 hours per day. (ECF 53 at

1). He claims it is "absolutely impossible for inmates in these housing areas to exhaust the opportunities described" in Beckett's summary judgment evidence. (*Id*.). He further states that the only access he has to the grievance drop boxes is by asking a staff member to place his grievance in the box. (*Id*.). He also claims that he filed a Step 2 grievance that he previously submitted to the Court. (*Id*. at 2).

Probst is correct that he filed a Step 2 grievance that he later filed with the Court. (*See* ECF 11 at 4). However, the Step 2 grievance pertained to his claims against former defendants Htoo Aung and Michael Mitchener and does not address his claims against Beckett. (*Id*.). The Step 2 grievance against Aung and Mitchener further shows that Probst had the ability to file a Step 2 grievance, and refutes his claim that he was not granted access to the grievance process due to being housed in administrative segregation.

The undisputed evidence shows that Probst failed to exhaust his administrative remedies in connection with the claims brought against Beckett; accordingly, such claims should be dismissed without prejudice.

## IV. RECOMMENDATION

For the reasons set forth above, the U.S. Magistrate Judge recommends that Defendant Arturo Beckett's Motion For Summary Judgment be GRANTED and that Plaintiff's claims be dismissed without prejudice. Plaintiff's Motion for Summary Judgment should be DENIED as moot.

## V. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED March 26, 2026.

_Lee Ann Reno_

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).